# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TIMOTHY JOSEPH, who sues on behalf of his son, Adam Joseph,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**CODY ALLEN, *et al.*,** )<br>)<br>**Defendants.** ) | **Civil Action No. CV-13-S-695-NE** |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Timothy Joseph, proceeding *pro se*, alleges that the twenty-one defendants:[1] entered a residence without permission; "savagely beat, punched and kicked [plaintiff's] son, shattering his face and jawbone"; and denied plaintiffs's son medical attention for his injuries.[2] Plaintiff effected service on seventeen of the twenty-one defendants.[3] Fifteen of those seventeen defendants have filed motions to

---

[1] The complaint names the following defendants: (*i*) Cody Allen; (*ii*) Eli Allen; (*iii*) Brandon Stiles; (*iv*) Jake Clairday; (*v*) Matthew Eubanks; (*vi*) Bubba Hopkins; (*vii*) Ed Taylor, Chief of Police; (*viii*) Herman Marks, City Attorney; (*ix*) Chip Alexander, Assitant Attorney; (*x*) Nadis Carlisle, Captain; (*xi*) Larry Russell, Leiutenant; (*xii*) George Silvestri, Sergeant; (*xiii*) Rick Archer; Lieutenant; (*xiv*) Jeremy Hayes, Sergeant; (*xv*) Don Stanford; Former Mayor; (*xvi*) Scott Anderson, Morgan County District Attorney; (*xvii*) Jerry Knight, Assistant District Attorney; (*xviii*) Johnny Coker, Investigator; (*xix*) Luthor Strange, Attorney General; and (*xx*) Timothy J. Tierney, Assistant Attorney General. Doc. no. 1 (Complaint), at 5-6. The twenty-first defendant is an "unknown female to be named later." *Id.* at 5.

[2] *Id.* at 2 (alteration supplied).

[3] Specifically, plaintiff has effected service on: (*i*) Cody Allen; (*ii*) Eli Allen; (*iii*) Jake Clairday; (*iv*) Ed Taylor, Chief of Police; (*v*) Herman Marks, City Attorney; (*vi*) Chip Alexander, Assitant Attorney; (*vii*) Nadis Carlisle, Captain; (*viii*) Larry Russell, Leiutenant; (*ix*) George

1

dismiss, based upon the assertion that this court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), and that plaintiff's complaint fails to state a claim upon which relief can be granted. *See id.* 12(b)(6).[4] Nine of the defendants have also moved to stay proceedings pending the resolution of their motion to dismiss.[5] Upon consideration, this court will grant all of the motions to dismiss, and deny the motion to stay as moot. Further, this court will, *sua sponte*, dismiss plaintiff's claims against the six defendants who did not move for dismissal on grounds of lack of subject-matter jurisdiction.

## I. LEGAL STANDARDS

---

Silvestri, Sergeant; (*x*) Rick Archer; Lieutenant; (*xi*) Jeremy Hayes, Sergeant; (*xii*) Don Stanford; Former Mayor; (*xiii*) Scott Anderson, Morgan County District Attorney; (*xiv*) Jerry Knight, Assistant District Attorney; (*xv*) Johnny Coker, Investigator; (*xvi*) Luthor Strange, Attorney General; and (*xvii*) Timothy J. Tierney, Assistant Attorney General.

Plaintiff attempted to effect service on Brandon Stiles, but the summons was returned unexecuted, with a notice that there exists "no such street" as the one that is written on the envelope. *See* doc. no. 7 (Summons Returned Unexecuted). Plaintiff has not attempted to effect service on Matthew Eubanks, Bubba Hopkins, or the "unknown female." As plaintiff filed his complaint on April 15, 2013, his time for doing so does not expire until August 13, 2013. *See* Federal Rule of Civil Procedure 4(m) (setting a deadline for service of process "within 120 days after the complaint is filed").

[4] *See* doc. no. 12 (Motion to Dismiss by Chip Alexander, Rick Archer, Nadis Carlisle, Jeremy Hayes, Herman Marks, Larry Russell, George Silvestri, Don Stanford, and Ed Taylor); doc. no. 19 (Motion to Dismiss by Jake Clairday); doc. no. 20 (Motion to Dismiss by Scott Anderson, Johnny Coker, Jerry Knight, and Luther Strange).

The remaining two defendants on whom plaintiff effected service (*i.e.*, Cody Allen and Eli Allen) have not appeared in this action. Cody Allen's answer was due on July 5, 2013, and Eli Allen's answer is due on July 17, 2013. *See* doc. no. 9 (Summons for Cody Allen); doc. no. 16 (Summons for Eli Allen). Despite the fact that Cody Allen's time for filing an answer has expired, plaintiff has not moved for the entry of his default.

[5] *See* doc. no. 15 (Motion to Stay by Chip Alexander, Rick Archer, Nadis Carlisle, Jeremy Hayes, Herman Marks, Larry Russell, George Silvestri, Don Stanford, and Ed Taylor).

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When ruling upon a Rule 12(b)(1) motion, the court must first determine whether the moving party is mounting a "facial" or "factual" attack on the court's subject matter jurisdiction. Where, as here, the motion is based on the lack of jurisdiction on the face of the complaint, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised — the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981) (internal citations omitted).[6]

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). That rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied).

As always is the case in the context of ruling upon a motion to dismiss, the district court is required to assume that

> the facts set forth in the plaintiff's complaint are true. *See Anza* [*v. Ideal Steel Supply Corp.*], 547 U.S. 451, [453,] 126 S. Ct. [1991,] 1994 [(2006)] (stating that on a motion to dismiss, the court must "accept as true the factual allegations in the amended complaint"); *Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth the facts in the case by "[a]ccepting all well-pleaded factual allegations (with reasonable inferences drawn favorably to Plaintiffs) in the complaint as true").

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006) (alterations supplied). Even so,

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Bell Atlantic Corp.*, 550 U.S.] at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as

a factual allegation" (internal quotation marks omitted)).

*Iqbal*, 556 U.S. at 678 (alteration supplied).

## II.  FACTS AS ALLEGED

Because plaintiff is proceeding *pro se*, he completed the "General Complaint Form for *Pro Se* Litigants."[7]  Plaintiff attached a handwritten list of twenty-one defendants, one of whom is unnamed.[8]  Under the heading "On Charges of Assault," plaintiff listed the following seven defendants:  (*i*) Cody Allen; (*ii*) Eli Allen; (*iii*) Brandon Stiles; (*iv*) Jake Clairday; (*v*) Matthew Eubanks; (*vi*) Bubba Hopkins; and (*vii*) an "unknown female to be named later."[9]  Under the heading "On Charges of Conspiracy," plaintiff listed the following fourteen defendants:  (*i*) Police Chief Ed Taylor; (*ii*) City Attorney Herman Marks; (*iii*) Assistant Attorney Chip Alexander; (*iv*) Captain Nadis Carlisle; (*v*) Lieutenant Larry Russell; (*vi*) Sergeant George Silvestri; (*vii*) Lieutenant Rick Archer; (*viii*) Sergeant Jeremy Haves; (*ix*) Former Mayor Don Stanford; (*x*) Morgan County District Attorney Scott Anderson; (*xi*) Assistant District Attorney Jerry Knight; (*xii*) Investigator Johnny Coker; (*xiii*) Attorney General Luther Strange; and (*xiv*) Assistant Attorney General Timothy J. Tierney.[10]

The section of the "General Complaint Form for *Pro Se* Litigants" entitled

---

[7] *See* doc. no. 1 (Complaint), at 1.
[8] *See id.* at 5-6.
[9] *Id.* at 5.
[10] *Id.* at 6.

"Statement of Claim" directed plaintiff to "[s]tate . . . the **FACTS** of [his] case," and to "[d]escribe how *each* defendant is involved."[11] Plaintiff filled out that section as follows:

> My son, Adam Joseph, was assaulted after the defendants entered the residence uninvited and started an argument with my son. The defendants savagely beat, punched and kicked my son, shattering his face and jawbone. Upon arrival of Decatur Police no arrests were made nor did they dispatch any medical aid for my son.[12]

The section of the complaint form entitled "Relief" instructed plaintiff to "[s]tate . . . exactly what [he] want[s] the court to do for [him]."[13] Plaintiff filled out that section as follows: "I want the defendants arrested and charged for their crimes."[14]

## III. DISCUSSION

### A.  Defendants' Motions to Dismiss

Three motions to dismiss have been filed on behalf of fifteen of the defendants.[15] Each is based upon Federal Rule of Civil Procedure 12(b)(1) for "lack of subject-matter jurisdiction," and, Federal Rule of Civil Procedure 12(b)(6) for

---

[11] *Id.* at 2 (boldface emphasis in original, italicized emphasis and alterations supplied).

[12] *Id.* at 2-3.

[13] Doc. no. 1 (Complaint), at 3 (alterations supplied).

[14] *Id.*

[15] *See* doc. no. 12 (Motion to Dismiss by Chip Alexander, Rick Archer, Nadis Carlisle, Jeremy Hayes, Herman Marks, Larry Russell, George Silvestri, Don Stanford, and Ed Taylor); doc. no. 19 (Motion to Dismiss by Jake Clairday); doc. no. 20 (Motion to Dismiss by Scott Anderson, Johnny Coker, Jerry Knight, and Luther Strange).

"failure to state a claim upon which relief can be granted." Of the three motions, only the first (doc. no. 12) contains legal analysis. Jake Clairday's motion to dismiss (doc. no. 19) is one paragraph long, and contains little beyond the grounds for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The final motion to dismiss (doc. no. 20) "incorporate[s] and adopt[s]" the legal analysis of the motion docketed as doc. no. 12.[16] Accordingly, this court will confine its discussion to the first motion to dismiss. That motion identifies two grounds for dismissal, each of which is independently sufficient.[17]

First, defendants observe that plaintiff requests that "defendants [be] arrested and charged for their crimes."[18] The Supreme Court has unequivocally stated that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (alteration supplied). The Eleventh Circuit adopted the rule that citizens lack standing to contest the prosecutions (or non-prosecutions) of others in *Garcia v. Miami Beach Police Department*, 336 F. App'x 858, 859 (11th Cir. 2009) (quoting *Linda R.S.*, 410 U.S. at 619, for the proposition that the "Supreme Court has held that 'a private citizen lacks a judicially cognizable interest in the

---

[16] Doc. no. 20, at 1 (alterations supplied).

[17] *See* doc. no. 12 (Motion to Dismiss by Chip Alexander, Rick Archer, Nadis Carlisle, Jeremy Hayes, Herman Marks, Larry Russell, George Silvestri, Don Stanford, and Ed Taylor); doc. no. 19 (Motion to Dismiss by Jake Clairday), at 1-2.

[18] *Id.* at 1 (quoting doc. no. 1 (Complaint), at 3) (alteration supplied).

prosecution or nonprosecution of another'").

Further, defendants note that this action involves a crime that was allegedly committed against plaintiff's son, not against plaintiff.[19]  This court made the same observation in its order denying plaintiff's motion for leave to proceed *in forma pauperis*, which was entered more than two months before the filing of the first motion to dismiss.[20]  Specifically, the order stated that:

> In his complaint, plaintiff asserts injuries suffered by his son, not by plaintiff.
>
> > [A] "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975); *see also Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1230 (11th Cir. 2000) ("Absent exceptional circumstances, a third party does not have standing to challenge injury to another party.").
>
> *Cook v. Trinity Universal Insurance Co.*, 297 F. App'x 911, 913 (11th Cir. 2008) (alteration supplied).
>
> Even so, a parent may be able to assert the rights of his *minor* child.  *See, e.g.*, *J.S. v. Campbell*, No. 2:05-cv-928-WKW (WO), 2006 WL 2864254, *1 (M.D. Ala. Oct. 5, 2006) (discussing the claims of a minor child against a police officer "by and through his father and next best friend").  However, plaintiff's complaint does not state that his son

---

[19] Doc. no. 12 (Motion to Dismiss by Chip Alexander, Rick Archer, Nadis Carlisle, Jeremy Hayes, Herman Marks, Larry Russell, George Silvestri, Don Stanford, and Ed Taylor), at 2.

[20] *See* doc. no. 5 (Order Denying Leave to Proceed *in Forma Pauperis*) (entered on April 17, 2013); doc. no. 12 (Motion to Dismiss by Chip Alexander, Rick Archer, Nadis Carlisle, Jeremy Hayes, Herman Marks, Larry Russell, George Silvestri, Don Stanford, and Ed Taylor) (filed on June 25, 2013).

is a minor.[21]

## B.     Plaintiff's Failure to Respond to the First Motion to Dismiss

This court ordered that any response to the first motion to dismiss (doc. no. 12) was due by July 9, 2013.[22] Several days after the expiration of that deadline, plaintiff has neither responded to the motion to dismiss, nor amended his complaint to address the issues raised in this court's order denying his motion for leave to proceed *in forma pauperis*.

> Courts in the Eleventh Circuit and beyond have held that the failure of a party to respond or oppose a pending motion may constitute an abandonment of the claims at issue in that motion. *See, e.g., Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding that plaintiff abandoned claim by failing to defend it in response to a motion to dismiss); *Coalition for the Abolition on Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); *Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (concluding that a plaintiff's failure to respond to claims in a defendant's motion to dismiss resulted in dismissal of those claims as abandoned) . . . [I]naction supports a finding of abandonment. *See, e.g., Hudson v. Norfolk Southern Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) (providing that "[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned[ ]" (citing *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)). Indeed, this Court is not under a duty to exercise imagination or conjure what a party might have argued, but did not argue; nor is this Court obliged to do [a party's] work for him. *See Lyes v. City of Riviera Beach, Fla.*, 126 F.3d 1380, 1388 (11th Cir. 1997) (explaining that "the onus is upon the

---

[21] Doc. no. 5 (Order Denying Leave to Proceed *in Forma Pauperis*), at 3 (emphasis in original, footnotes omitted).

[22] *See* unnumbered order dated June 25, 2013.

parties to formulate arguments"); *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it"); *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("[i]t is not for the court to manufacture arguments on Plaintiff's behalf"). Accordingly, *a party's decision not to proffer argument or authority in response to a dispositive motion is at his peril*.

*Kirkland v. County Commission of Elmore County*, No. 2:08cv86-MEF, 2009 WL 596538, *3-6 (M.D. Ala. Mar. 6, 2009) (alterations in original, emphasis supplied).

### C.   This Court's Lack of Subject-Matter Jurisdiction

Federal district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action, *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831 (1999) (internal citation omitted), and "should inquire into whether it has subject matter jurisdiction at the earliest stage in the proceedings." *University of South Alabama,* 168 F.3d at 410.

Further, a court must raise jurisdictional concerns on its own motion, and is constitutionally obligated to satisfy itself of jurisdiction before proceeding. *See*, *e.g.*,

*Freytag v. C.I.R.*, 501 U.S. 868, 896 (1991); *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 (11th Cir. 2006) ("[F]ederal courts are duty bound to consider their subject matter jurisdiction *sua sponte*.") (alteration supplied); *Galindo-Del Valle v. Attorney General*, 213 F.3d 594, 598 n.2 (11th Cir. 2000) (observing that federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *University of South Alabama*, 168 F.3d at 410 ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") (alteration supplied).

Standing "is perhaps the most important of [the jurisdictional] doctrines." *Bischoff v. Osceola County*, 222 F.3d 874, 877-78 (11th Cir. 2000) (quoting *United States v. Hays*, 515 U.S. 737, 742 (1995) (alteration in original) . The "party invoking federal jurisdiction bears the burden of proving standing." *Bischoff*, 222 F.3d at 878 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Therefore, Federal Rule of Civil Procedure 8(a)(1) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Indeed, the "General Complaint Form for *Pro Se* Litigants" contains a section stating: "The jurisdiction of this court is invoked pursuant to ___. (List statutes.)"[23] Plaintiff left that section blank.[24]

---

[23] Doc. no. 1 (Complaint), at 2.

[24] *See id.*

It is apparent that plaintiff has not borne his burden of establishing the existence of standing. As explained above, "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, plaintiff lacks standing to request the relief that "defendants [be] arrested and charged for their crimes."[25] Further, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Cook v. Trinity Universal Insurance Co.*, 297 F. App'x 911, 913 (11th Cir. 2008). Thus, plaintiff also lacks standing to request redress for a crime that was allegedly committed against his son. Accordingly, this court lacks subject-matter jurisdiction to hear plaintiff's claims against any of the defendants, *including those defendants who did not move for dismissal*.

## IV.  CONCLUSION

For the reasons explained above, all motions to dismiss are GRANTED, and the motion to stay is DENIED as moot. Plaintiff's claims against the remaining defendants who, thus far, have not responded to his complaint, are, *sua sponte*, DISMISSED for lack of subject-matter jurisdiction. Thus, all claims asserted in plaintiff's complaint are DISMISSED with prejudice. Costs are taxed to plaintiff. The clerk is directed to close this file.

---

[25] *Id.* at 3 (alteration supplied).

DONE and ORDERED this 12th day of July, 2013.

                                                              _____
                                                              United States District Judge